**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Gloria Hendrieth, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 2895 |
| | ) | |
| Main Street Acquisition Corporation, a | ) | |
| Nevada corporation, Aegis Receivables | ) | |
| Management, Inc., a Delaware | ) | |
| corporation and Receivables | ) | |
| Performance Management, LLC, a | ) | |
| Washington limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Gloria Hendrieth, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Gloria Hendrieth ("Hendrieth"), is a citizen of the State of Michigan, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally for an HSBC credit card, which was then allegedly owed to a

bad debt buyer, Main Street Acquisition Corporation, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Main Street Acquisition Corporation ("Mainstreet"), is a Nevada corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Mainstreet operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Mainstreet was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Mainstreet is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors.

6.      Defendant, Aegis Receivables Management, Inc. ("Aegis"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Aegis operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Aegis was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.      Defendant, Receivables Performance Management, LLC ("RPM"), is a

Washington limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. RPM operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant RPM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendants Mainstreet, Aegis and RPM are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State attached as Group Exhibit A. In fact, all Defendants conduct business in Illinois.

9. Defendants Mainstreet, Aegis and RPM are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation attached as Group Exhibit B. In fact, all Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Hendrieth is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally to HSBC. At some point in time, Defendant Mainstreet bought Ms. Hendrieth's HSBC debt, and when Defendants began trying to collect the HSBC debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

11. Specifically, Defendant Mainstreet hired other debt collectors, FBCS and

3

Frontline Asset Strategies, LLC, to demand payment of the HSBC debt from Ms. Hendrieth. Accordingly, on December 28, 2009 and July 23, 2010, one of Ms. Hendrieth's attorneys at LASPD informed Defendant Mainstreet, through its collection agents (FBCS and Frontline Asset Strategies), that Ms. Hendrieth was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Hendrieth was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of these LASPD letters and fax confirmations are attached as Group Exhibit C.

12.     Undeterred, Defendant Mainstreet then had Defendant Aegis send Ms. Hendrieth a collection letter, dated July 26, 2011, which demanded payment of the HSBC debt. A copy of this collection letter is attached as Exhibit D.

13.     Accordingly, on August 24, 2011, Ms. Hendrieth's LASPD attorney again sent Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

14.     In utter disregard that Ms. Hendrieth was represented by counsel and that she refused to pay the debt, Defendant Mainstreet then had Defendant RPM send Ms. Hendrieth a collection letter, dated September 22, 2011, which demanded payment of the HSBC debt. A copy of this collection letter is attached as Exhibit F.

15.     Accordingly, on November 30, 2011, Ms. Hendrieth's LASPD attorney had to send Defendants yet another letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

16.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

18.     Plaintiff adopts and realleges ¶¶ 1-17.

19.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

20.     Here, the letters from Ms. Hendrieth's agent/attorneys, LASPD, told Defendants to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

21.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

22.     Plaintiff adopts and realleges ¶¶ 1-17.

23.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

24.     Defendants knew, or readily could have known, that Ms. Hendrieth was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Hendrieth was represented by counsel, and had directed a cessation of communications with Ms. Hendrieth.  By directly sending collection letters to Ms. Hendrieth, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

25.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Gloria Hendrieth, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Hendrieth, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Gloria Hendrieth, demands trial by jury.

Gloria Hendrieth,

By: /s/ David J. Philipps____
One of Plaintiff's Attorneys


Dated:  April 18, 2012

6

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Hendrieth Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com